[No. 14972.   Department One.—August 16, 1893.]

E. W. BRADFORD ET AL., RESPONDENTS, *v.* OLIVER
McAVOY ET AL., APPELLANTS.

SUMMONS — UNLAWFUL DETAINER — AFFIDAVIT FOR PUBLICATION — CONCEALMENT
OF DEFENDANT TO AVOID SERVICE. —An affidavit for publication of summons in
an action for unlawful detainer, stating the residence and office of the defend-
ant at the time of the commencement of the action, and that about that time
he disappeared from his office and could not be found, that thereafter affiant
made inquiries for the defendant at various places, including his office, and of
various persons who knew him and would be likely to know of his whereabouts,
but was unable to find him; that eight new summonses had been issued and
four different competent persons had been employed to serve them, but without
success, and that a continued and constant effort had been made to secure serv-
ice upon the defendant; that the defendant "has not been in his accustomed
places and resorts, but has left an agent in this city who is using persistent
efforts to continue to collect the rents of the premises sought to be recovered";
that affiant does not know the whereabouts of defendant "and verily believes
that he conceals himself to avoid the service of said summons," is sufficient to
support an order for publication of the summons, although it does not state that
the affiant had made inquiry of the defendant's agent as to the whereabouts of
the defendant.

ID. — SETTING ASIDE JUDGMENT BY DEFAULT — INSUFFICIENT COUNTER-AFFIDAVITS.
—In such case counter-affidavits of the defendant and his agent, read upon the
hearing of a motion to set aside a default judgment upon the ground that sum-
mons had not been served upon him, which state respectively that the defend-
ant did not conceal himself for the purpose of avoiding service of summons
upon him, and that at no time did the plaintiff inquire of the agent as to the
whereabouts of the defendant; but which fail to state where the defendant
was during the time the action was pending, or where, or how he could have
been found, or that the agent knew at any time where the defendant could
have been found, or that he could or would have given information as to his
whereabouts if inquiry had been made of him, are not sufficient to warrant the
court in setting aside the judgment.

APPEAL from an order of the Superior Court of the City
and County of San Francisco refusing to set aside a default
judgment.

The facts are stated in the opinion.

*Nagle & Nagle,* for Appellants.

*H. A. Powell,* for Respondents.

BELCHER, C.—This is an appeal from an order refusing to
set aside a judgment entered against the defendant, Oliver Mc-
Avoy, by default.

The action was for unlawful detainer of property after default
in payment of rent.   The complaint was filed August 15, 1890,

in the superior court of the city and county of San Francisco, and the summons was served on McAvoy by publication in pursuance of an order of the court. His default was entered on December 4, 1890, and judgment that the plaintiffs have possession of the premises was entered against him on the 15th of the same month. On January 26, 1891, he served on plaintiffs' counsel notice that on the 30th of that month he would move the court to set aside the judgment upon the ground that the summons had not been served on him, and the court had no jurisdiction to render the judgment. With this notice he also served copies of two affidavits, one made by himself, and the other by his agent, William Nicoll. The motion came on regularly for hearing at the time appointed, and the counsel for plaintiffs then objected to the hearing on the ground that due notice of the motion had not been given as required by law. The motion was thereupon submitted upon the papers in the case and the affidavits of McAvoy and Nicoll, and denied.

The only question presented for decision by the appellant is as to the sufficiency of the affidavit on which the order for publication was made. It is claimed that the affidavit was insufficient because the facts stated did not show that the defendant could not, by the exercise of due diligence, be found within the state, or that he concealed himself to avoid the service of summons. Waiving respondents' objection to the hearing of the motion because notice thereof was not given five days before the time appointed for the hearing, as required by section 1005 of the Code of Civil Procedure, we think the affidavit for publication must be held sufficient to authorize the order.

The code provides: "When the person upon whom the service is to be made . . . . cannot after due diligence be found within the state, or conceals himself to avoid the service of summons, . . . . and the fact appears by affidavit to the satisfaction of the court or a judge thereof, . . . . such court or judge may make an order that the service be made by publication of the summons." (Code Civ. Proc., sec. 412.)

The affidavit in question was made by one of the plaintiffs, and stated that at or about the time of the commencement of the action, the defendant, McAvoy, resided and was in the city and county of San Francisco, and had an office or headquarters

at No. 425 Montgomery Street; that at or about said time he disappeared from his office and could not be found in said city and county; that thereafter affiant made inquiries for defendant at various places, including 425 Montgomery Street, and of various persons who knew him and would be likely to know of his whereabouts, but was unable to find him; that eight new summonses had been issued in the action, and that since the issuance of the first summons four different competent persons had been employed to obtain service upon defendant, but without success; and that ever since such first issuance a continued and constant effort had been made to secure personal service of the summons upon defendant; "that since the commencement of this suit, defendant McAvoy has not been in his accustomed places and resorts, but has left an agent in this city who is using persistent efforts to continue to collect the rents of the premises sought to be recovered herein, which premises are occupied by several subtenants; that affiant does not know the whereabouts of defendant McAvoy, and verily believes that he conceals himself to avoid the service of said summons."

From this affidavit it evidently appeared to the satisfaction of the judge who made the order for publication that the defendant was concealing himself to avoid the service of summons, and the order so recited.

It is true the affidavit does not state that the affiant had made inquiry of defendant's agent, but in view of the other facts stated we do not think it can be said that the conclusion reached by the judge was not justified.

This being so, the counter-affidivits read at the hearing of the motion need not be considered. If considered, however, they would not affect the result. The affidavit of the defendant simply stated that he did not conceal himself for the purpose of avoiding the service of summons on him, but it fails to state where he was during the three or four months that the action was pending, or where or how he could have been found. And the affidavit of Nicoll simply states that he was at the time of the commencement of the action, is now, and for a long time prior thereto, had been the agent of the defendant to collect rents from the tenants of the property in question, and "that at no time did the above-named plaintiff personally inquire of him as

to the whereabouts of the above-named defendant, Oliver Mc-Avoy." It does not state that the agent knew at any time where McAvoy could have been found, or that he could or would have given information as to his whereabouts if inquiry had been made of him.

We advise that the order appealed from be affirmed.

HAYNES, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion, the order is affirmed.

GAROUTTE, J., HARRISON, J., McFARLAND, J.